F I L E   C O P Y

UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT

BAP NO.: CC-07-1463
BK NO.:  LA 07-17535 BB

In re: MURRAY WINDMAN; In re: PAULINE WINDMAN

    Debtor
-------------------------

MURRAY WINDMAN; PAULINE WINDMAN

    Appellant

v.

UNITED STATES TRUSTEE; WAYNE WINDMAN; THE OSCAR WINDMAN &
FRANCES LEE WINDMAN LIVING TRUST; IRVING WINDMAN; THE IRVING
WINDMAN & CORRINE WINDMAN FAMILY SURVIVORS TRUST; FRED
WINDMAN; MURIEL WINDMAN; THE FRED WINDMAN & MURIEL WINDMAN
FAMILY TRUST; WILLIAM BRENDEN; SAM WINDMAN TRUST OF 1999;
LAW OFFICES OF LORRAINE HOWELL; LAW OFFICES OF ARTHUR G.
LAWRENCE; HANEY, BUCHAMAN & PATTERSON, LLP

    Appellee

**FILED**
DEC 1 9 2007
HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

CV08-06255 TJH

-------------------------
BRIEFING ORDER
(Prompt Action Required)
-------------------------

    Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of the briefing deadlines set forth below. Failure of the parties to comply with these deadlines may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines control and supercede any briefing deadlines contemplated by the Federal Rules of Bankruptcy Procedure ("FRBP").

[FEBRUARY 4, 2008]: Last day for appellant(s) to file opening brief and appendix.
[FEBRUARY 22, 2008]: Last day for appellee(s) to file responsive brief and appendix.
[MARCH 3, 2008]: Last day for appellant(s) to file optional reply brief.

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates are set forth in FRBP 8009 and 8010, and Ninth Circuit BAP Rules 8009(a)-1, 8009(b)-1, and 8010(a)-1. Length of briefs is governed by Ninth Circuit BAP Rule 8010(c)-1. See also 9th Cir. BAP Rule 8006-1 (describing requirements for the inclusion of transcripts in the excerpts of the record).

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL. See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

                                          FOR THE PANEL,

                                          Harold S. Marenus,
                                          Clerk of Court

SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD
-----------------------------------------------------------------
This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Twenty pages for appellant's reply brief, if any.

NUMBER -- A signed original and four copies of all briefs; five copies of the excerpts of the record.

COVERS -- Appellant's opening brief - BLUE; appellee's brief - RED. appellant's reply brief - GRAY; all excerpts of the record - WHITE.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX  The Appendix must comply with the requirements of 9th Cir. BAP Rule 8009 (b) - 1.  FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties.  Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Briefs are deemed filed on the day of mailing. FRBP 8008(a).


ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT
-----------------------------------------------------------------
While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible

time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.ce9.uscourts.gov/bap. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

CERTIFICATE OF MAILING
--------------------------------------------------------
The undersigned deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

By: Vincent J. Barbato
Deputy Clerk/Date: December 19, 2007